Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>GALE ALLEN ROTH,<br><br>    Defendant. | NO. 3:05-cr-0081-RRB<br><br>**GALE ROTH'S DISPOSITION MEMORANDUM** |

**I.     Introduction.**

   Gale Roth submits this memorandum to assist the court at the disposition hearing scheduled for May 30, 2006.  At disposition, Mr. Roth will be asking the court to impose a 30-day sentence to be served consecutively to a 20-day sentence he received for the Alaska State Court reckless driving conviction that is the basis of this revocation.  Because this violation occurred near the end of a five-year term of supervised release, Mr. Roth will be asking that no supervision follow revocation.

**II.     Background For This Request.**

    **A.     Mr. Roth Has Maintained Employment, Is A Respected Carpenter, And Has Worked Diligently During His Term Of Supervised Release.**

The Honorable Helen J. Frye, United States District Court Judge for the District of Oregon, sentenced Mr. Roth to 168 months for a drug related offense that occurred on March 12, 1991. Judge Frye required Mr. Roth to complete a five-year term of supervision following his release from custody.

Mr. Roth began his term of supervised release on November 23, 2001, and has maintained steady employment. As the attached letters demonstrate, Mr. Roth is a respected carpenter and a respected member of the community.

> I have known Gale Roth for approximately 3 years. I am aware of his past history. During the time I have known Gale, I have never witnessed him participate in any illegal activity. Gail has been a kind generous contributing member of society. He has helped several friends with construction projects (including building a wheelchair accessible deck for a disabled neighbor), and surrounded himself with employed quality friends, and in general built a quality of life for himself. He has maintained a residence and until recently, maintained gainful employment.

*See* Exhibit A (letter from A. Michael Daniels, Jr.). Mr. Daniel expects to be available at disposition to address the court.

> I have had the privilege of working with [Gale] on a number of occasions. Most recently Gale worked with me in Anchorage from June 2004 through March or April 2005 as a finish carpenter on a job I had remodeling the UICC Campus. Gale was a dependable worker and excellent finish carpenter. He takes direction well and I can always depend on him to complete any assignment I give to him. I would be happy to have him on any job that I have and have no difficulty recommending him to other employers.

> I know that several years ago he served a long prison sentence and I know he was recently convicted of an alcohol related traffic offense. I believe he should be held responsible if he broke the law. I just wanted you to know that he is a very dependable worker and that he has worked very hard to build a good life for himself in Alaska.

*See* Exhibit B (Letter from James Sterling, Owner of Lynx Construction). These comments are echoed in other letters that friends have submitted on Mr. Roth's behalf. *See* Exhibit C (Letters from friend, Robert Laupp, and brother, Glenn Roth).

Although Mr. Roth continues to deal with substance abuse issues, he has managed to spend his time on supervised release as a productive member of the community.

**B.    Mr. Roth Continues To Struggle With Substance Abuse Issues.**

As demonstrated in the original presentence report, Mr. Roth has a significant substance abuse history. It is a problem that continues to plague him as evidenced by the present violation and the 2002 DWI. However, in each instance, Mr. Roth readily admitted his misconduct and has received the appropriate sanctions in the Alaska State Court System.

Substance abuse issues are difficult to conquer. Even so, during his entire period of supervision Mr. Roth has never had a dirty UA for methamphetamine, the substance that brought him into the federal system.

**III.    Conclusion.**

The recommended guideline range for this grade C violation is 7 to 13 months. The court has the discretion not to revoke supervision. Mr. Roth does not ask for that. Instead, he seeks an interim sanction that will be a hardship for him but which will enable him to continue on his own with his efforts towards complete rehabilitation. For these reasons, Mr. Roth asks for a 30-day

sentence to be served consecutively with the 20-day state court sentence, with no supervision to follow.

DATED at Anchorage, Alaska this 25th day of May 2005.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:      907-646-3400
Fax:        907-646-3480
E-Mail:     kevin_mccoy@fd.org

Certification:
I certify that on May 25, 2006,
a copy of *Gale Roth's Disposition Memorandum* was served electronically on:

Bryan Schroder
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

and a copy was hand delivered to:

Mike Pentangelo
Probation Officer
U.S. Probation & Pretrial Services
222 W. 7th Avenue, #48, Room 168
Anchorage, AK 99513-7562

s/Kevin F. McCoy